**1:CV 02-0201**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PENNSYLVANIA PROTECTION & ADVOCACY, INC., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. |
| RICHARD BROWDIE, in his official capacity as Secretary of the Department of Aging of the Commonwealth of Pennsylvania; and the LANCASTER COUNTY OFFICE OF AGING, | § § § § § § § | FILED HARRISBURG, PA FEB 0 7 2002 MARY E. D'ANDREA, CLERK Per _____ |
| Defendants. | § § | |

**COMPLAINT**

**I. Introduction**

1. Plaintiff Pennsylvania Protection & Advocacy, Inc. ("PP&A") brings this action to challenge the refusal of defendants to provide documents relating to the death of Grace Bradley, who at time of her death was a resident at Specialized Assisted Living, Inc., ("SALI"), a personal care boarding home.

2. Pursuant to the Protection and Advocacy for Individuals with Mental Illness ("PAIMI") Act, 42 U.S.C. §§ 10805 and 10806, PP&A is entitled to review and obtain copies of records of persons with mental illness in instances of abuse, neglect, or death.

3. Pursuant to the Developmental Disabilities Assistance and Bill of Rights ("DD") Act of 2000, 42 U.S.C. §15043, PP&A is entitled to review and obtain copies of records of persons with developmental disabilities in instances of abuse, neglect, or death.

4. PP&A, through its employees and its counsel, has made repeated requests to defendants for the records of the defendants' investigation of Ms. Bradley's death, but defendants have refused to provide them.

5. Defendants' refusal to provide the requested records to PP&A violates both the PAIMI and the DD Acts.

## II. Jurisdiction and Venue

6. This action is authorized by 42 U.S.C. § 1983, 28 U.S.C. §§ 2201-02, 42 U.S.C. § 10807, and 42 U.S.C. § 15043. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b). One of the defendants resides in this district, all the defendants reside in

Pennsylvania, and a substantial part of the events and omissions complained of occurred in this district.

### III. Parties

8. PP&A is a non-profit Pennsylvania corporation that has been designated by the Commonwealth of Pennsylvania to protect and advocate on behalf of people with disabilities, (including mental illness) pursuant to, *inter alia*, the PAIMI Act, 42 U.S.C. §§ 10801 *et seq.*, and (including mental retardation) pursuant to *inter alia*, the DD Act, 42 U.S.C. §§ 15001 *et seq.* PP&A spends considerable time and resources monitoring conditions at state institutions and other facilities, including personal care boarding homes such as SALI, and in advocating for the rights of the people residing in those facilities.

9. Defendant Richard Browdie is the Secretary of the Department of Aging ("Aging") of the Commonwealth of Pennsylvania. The Department of Aging has responsibility for the detection and reduction, correction, or elimination of abuse, neglect, exploitation, and abandonment of older adults who lack the capacity to protect themselves, and to establish a program of protective services for older adults in need of them.

10. Lancaster County Office of Aging ("county") is the local county agency with obligations under Pennsylvania law to investigate all reports of older adults

3

who may be in need of protective services, and to provide protective services to older adults in need of protective services, including older adults such as Grace Bradley, housed at facilities such as SALI.

## IV. Facts

11. On June 19, 2001, Grace Bradley drowned in the bathtub of the personal care home operated by SALI, located at 25 W. Locust Street, Ephrata, Pennsylvania. Ms. Bradley was a person with mental retardation and mental illness, and also had a seizure disorder.

12. PP&A has an agreement with the Pennsylvania Department of Public Welfare ("DPW") that DPW will inform PP&A of deaths and serious incidents that occur in facilities where persons with mental retardation receive services. Consistent with this agreement, DPW notified PP&A of Ms. Bradley's death on June 22, 2001.

13. In a "Death Report" made on June 22, 2001 by a Case Manager III in the Office of Mental Retardation, the cause of death was listed as "drowning." The Death Report noted as a "Previous Related Illness or Condition":

> Grace had a history of seizures and other medication conditions which required staff to supervise her safety. She also was diagnosed with pneumonia 3 times in the several past months.

14. As "other pertinent information," the Death Report noted: "Due to

4

several recent questions of negligence for Grace's care at this home, a thorough investigation is needed at this time." A copy of the Death Report is attached hereto as Exhibit A.

15. Numerous written and oral requests from PP&A and its counsel have been made to defendants for access to and copies of all documents concerning the investigation into Ms. Bradley's death. However, defendants refuse to provide these documents, which are essential to PP&A's statutorily authorized investigation.

16. In a letter dated December 31, 2001, Jeffrey J. Wood, Chief Counsel for the Department of Aging, refused to grant PP&A's request to access the records of Grace Bradley, including the investigation done by the County on the circumstances of her death.

17. The documents in question, copies of which the defendants refuse to provide to PP&A, include:

(i) investigations and reports of Ms. Bradley's care leading up to her death;

(ii) the investigation into the circumstances of Ms. Bradley's death and whether negligence was a factor in her death, and

(iii) the OBRA Evaluation of Patient Care Needs which were preformed periodically preceding Ms. Bradley's death.

18. As a condition and consequence of the Commonwealth of Pennsylvania

receiving federal funds under the Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C. §§ 6021-30, it is required to "have in effect a system to protect and advocate the rights of individuals with developmental disabilities[.]" 42 U.S.C. § 6042(a). PP&A has been designated by Commonwealth officials to be that system.

19. PP&A is also the "eligible system" under the PAIMI Act, *see* 42 U.S.C. § 10802(2), and is authorized to "(A) protect and advocate the rights of individuals with mental illness; and (B) investigate incidents of abuse and neglect of individuals with mental illness if the incidents are reported to the system . . ." 42 U.S.C. § 10803(2).

20. Congress enacted the PAIMI Act based in part on its finding that "State systems for monitoring compliance with respect to the rights of individuals with mental illness vary widely and are frequently inadequate." 42 U.S.C. §10801(a)(4).

21. PP&A, as the "eligible system" in Pennsylvania, "shall have access" to "records." 42 U.S.C. § 10806(b)(3)(B) and 42 U.S.C. §15043(J).

22. "Records" is defined under the PAIMI Act as follows:

> (3)(A) As used in this section, the term "records" includes reports prepared by any staff of a facility rendering care and treatment or reports prepared by an agency charged with investigating reports of

incidents of abuse, neglect, and injury occurring at such facility that describe incidents of abuse, neglect, and injury occurring at such facility and the steps taken to investigate such incidents, and discharge planning records.

42 U.S.C. § 10806(b)(3)(A).

23. "Records" is defined under the DD Act:

"Record" includes –

(1) a report prepared or received by any staff at any location at which services, supports or other assistance is provided to individuals with developmental disabilities;
(2) a report prepared by an agency or staff person charged with investigating reports of incidents of abuse or neglect, injury or death occurring at such location, that describes such incidents and the steps taken to investigate such incidents...

42 U.S.C. §15043(c).

24. PP&A has made a number of attempts to contact Ms. Bradley's next of kin to obtain a signed release for the Bradley records it seeks. However, it has been unable to reach Ms. Bradley's son, the next of kin.

25. The DD Act requires that systems like PP&A "have immediate access, not later than 24 hours after the system makes such a request, to the records without consent from another party, in a situation in which services, supports, and other assistance are provided to an individual with a developmental disability . . . in any case of death[.]" 42 U.S.C. § 15043(a)(2)(J)(ii)(II).

26. The clear intent of Congress to authorize systems like PP&A to gain timely access to these records is made apparent by 42 U.S.C. § 10806, which gave states two years, until May 23, 1988, either to remove statutory prohibitions to such access, or directs that such authority shall exist notwithstanding State prohibition.

27. Defendants' refusal to provide PP&A with all the requested documents in this matter prevent PP&A from fully performing its statutory duty to investigate incidents of suspected abuse, neglect, injury, or death.

28. Defendant's continuing refusal to provide PP&A with these documents creates an ongoing danger that other individuals with disabilities like Grace Bradley could fall victim to acts of abuse, neglect, or death.

29. Plaintiff has no adequate remedy at law.

### V. Claims

30. Defendants' actions and inactions in refusing to provide PP&A with all the records it has requested relating to the death of Grace Bradley violate PP&A's statutory rights under the PAIMI Act, 42 U.S.C. §§ 1801 *et seq.*, and 42 U.S.C. § 1983.

31. Defendants' actions and inactions in refusing to provide PP&A with all the records it has requested relating to the death of Grace Bradley violate PP&A's

statutory rights under the DD Act, 42 U.S.C. §§ 15001 *et seq.*, and 42 U.S.C. § 1983.

## VI. Prayer for Relief

31. WHEREFORE, plaintiff requests:

(a) that the Court exercise jurisdiction over this action;

(b) that the Court declare that defendants' actions and inactions violate the PAIMI Act, the DD Act, and 42 U.S.C. § 1983;

(c) that the Court order defendants to provide to PP&A all reports, documents, and records relating to the care, treatment, and death of Grace Bradley; and,

(d) that the Court issue such other relief as may be just, equitable, and appropriate, including an award of plaintiff's reasonable attorneys' fees and expenses under 42 U.S.C. § 1988.

Dated: February 6, 2002

Respectfully submitted,

_/s/ Mark J. Murphy_
Mark J. Murphy
Pa. I.D. No. 38564
**Disabilities Law Project**
1901 Law & Finance Building
429 Fourth Avenue
Pittsburgh, PA 15219
412-391-5225
FAX: 412-391-4496

_/s/ Paul W. O'Hanlon_
Paul W. O'Hanlon
Pa. I.D. No. 31242
**Disabilities Law Project**
1901 Law & Finance Building
429 Fourth Avenue
Pittsburgh, PA 15219
412-391-5225
FAX: 412-391-4496

Counsel for Plaintiff PP&A

10

# EXHIBIT A

```
22/06  '01 17:02 FAX 7177726483          CENT. REG. MENTAL RET.              7772360192    ☒003/004
06/22/01  FRI 15:39 FAX 717 209●●●4      LANC MH/MR SEC          →→→ OMR                   ☒004
```

# DEATH REPORT

| DATE OF REPORT | TIME |
|---|---|
| 6/22/01 | 4:05 P.M. |

| NAME OF CLIENT (LAST, FIRST, M.I.) | PROVIDER NAME |
|---|---|
| Bradley, Grace | Lancaster County MH/MR |
| **ADDRESS** | **ADDRESS** |
| 25 W. Locust Street | 1120 Frances Avenue |

| CITY | STATE | ZIP CODE | CITY | STATE | ZIP CODE |
|---|---|---|---|---|---|
| Ephrata | PA | 17522 | Lancaster | PA | 17601 |

| PHONE | PHONE |
|---|---|
| 717-733-2310 | 717-393-0421 |
| **BSU** | **COUNTY WHERE FACILITY IS LOCATED** |
| 362-92236 | Lancaster |

| DATE OF BIRTH | DATE OF ADMISSION | SEX | PROVIDER SITE LICENSE NUMBER |
|---|---|---|---|
| 1-28-33 | | MALE ☐  FEMALE ☒ | 57 |

| LEVEL OF MENTAL RETARDATION | DATE OF DEATH: 6/19/01 | TIME |
|---|---|---|
| Moderate Mental Retardation | | 8:30 p.m. |

| LOCATION OF DEATH | AUTOPSY: | CORONER NOTIFIED: |
|---|---|---|
| Specialized Assisted Living Personal Care Home's bathroom. | ☒ YES   ☐ NO | ☒ YES |

**PRIMARY CAUSE OF DEATH:**
Drowning

**DETAILS SURROUNDING THE DEATH (Mention Cause, Treatment and General Circumstances)**
I was informed on 6/20/01 at 12:05 P.M. that Grace had passed away on 6/19/01 around 8:30 P.M., when Personal Care Home staff found h[er] in the bathroom. The police, Detective Shupp and the Coroner were all called and came to the home that evening. The autopsy report foun[d] the cause of death to be drowning. Detective Shupp continues to investigate any negligence in this case. The Office of Aging and Dept. of Welfare are also conducting their own investigations at this time. A follow-up report will be completed then.
Dr. Walp, Coroner, prouncounced Grace dead. Grace's body was taken to Conestoga View where an autopsy was completed.

**PREVIOUS RELATED ILLNESS OR CONDITIONS:**
Grace had a history of seizures and other medication conditions which required staff to supervise her safety. She also was diagnosed with pneumonia 3 times in the several past months.

**OTHER PERTINENT INFORMATION:**
Due to several recent questions of negligence for Grace's care at this home, a thorough investigation is needed at this time.

| RELATIVE OR GUARDIAN NOTIFIED: | RELATIONSHIP: Son | ADDRESS: | PHONE: |
|---|---|---|---|
| George Bradley | | 210 E. Main St. Mt. Joy | (717) 492-8441 |

| TYPED/PRINTED NAME AND SIGNATURE OF PERSON REPORTING: | | TITLE: Children's MR | PHONE: |
|---|---|---|---|
| TYPED NAME: Susan Hall | SIGNATURE: *Susan Hall* | Case Manager III | 717-393-0421 |

**DATE MAILED TO:**

| 3/22/01 | REGIONAL OFFICE OF MENTAL RETARDATION | _____ OFFICE OF CHILDREN YOUTH & FAMILIES (EARLY INTERVENTION) |
|---|---|---|
| 6/22/01 | COUNTY MENTAL RETARDATION OFFICE | _____ DEPARTMENT OF HEALTH (CFR/FUNDING AGENCY (SPECIFY) |
| 6/22/01 | Funding Agency (Specify) | |

**DATE AND TIME NOTIFIED OF AN UNEXPECTED DEATH OF A CLIENT OCCURS:**

REGIONAL OFFICE OF MENTAL RETARDATION _____ OFFICE OF CHILDREN YOUTH & FAMILIES (EARLY INTERVENTION)
COUNTY MENTAL RETARDATION OFFICE _____ DEPARTMENT OF HEALTH (CFR)
Funding Agency (Specify)